IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:18-779 |
| v. | |
| **TODD VANNATTA**<br>      **a/k/a "Todd Alan"** | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this *1st* day of *November*, 2019, between the United States of America, as represented by United States Attorney SHERRI A. LYDON, Assistant United States Attorneys Nathan Williams and Rhett DeHart; the Defendant, **TODD VANNATTA, a/k/a "Todd Alan",** and Defendant's attorney, Michael O'Connell.

1.   IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:  The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges Wire Fraud, a violation of Title 18, United States Code, § 1343.  In order to sustain its burden of proof, the Government is required to prove the following:  On or about July 18, 2016, in the District of South Carolina, the Defendant (1) engaged in a scheme to defraud; and (2) used an interstate wire in furtherance of the scheme.

1

## Maximum Penalty

The maximum penalty for this offense is 20 years imprisonment, a $250,000 fine, 3 years Supervised Release, and a $100 Special Assessment.

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613.    In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).    The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty.    The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

> A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted.    This special assessment must be paid at

2

or before the time of the guilty plea hearing, or
during participation in the Bureau of Prisons
Inmate Financial Repayment Program if this plea
results in incarceration.

B.   Restitution: The Defendant agrees to make full
restitution under 18 U.S.C. § 3556 in an amount to
be determined by the Court at the time of
sentencing, which amount is not limited to the
count(s) to which the Defendant pled guilty, but
will include restitution to each and every
identifiable victim who may have been harmed by his
scheme or pattern of criminal activity, pursuant to
18 U.S.C. § 3663. The Defendant agrees to cooperate
fully with the Government in identifying all
victims. Upon demand, the Defendant shall submit
a personal financial statement under oath and
submit to interviews by the government and the U.S.
Probation Office regarding the Defendant's capacity
to satisfy any fines or restitution. The Defendant
expressly authorizes the U.S. Attorney's Office to
immediately obtain a credit report on the Defendant
in order to evaluate the Defendant's ability to
satisfy any financial obligation imposed by the
Court.    The Defendant understands that the

3

> Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.
>
> C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case.  In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense enumerated herein.

4

5.    The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Indictment, and any forfeiture Bill of Particulars.

The property subject to forfeiture includes, but is not limited to, the following:

1.    Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as a result of the offenses charged in this Superseding Indictment, that is, approximately $1,008,706.83, and all interest and proceeds traceable thereto, and/or a sum of money equal to all property derived from the offense, and all interest and proceeds traceable thereto as the result of his violation of 18 U.S.C. §1343.

2.    Bank Accounts:

(a)    $21,961.93 in funds seized from Wells Fargo Bank, Charleston, SC
Bank Account Number: xxxxx3616
In the name of: 167 Seabrook LLC / Todd Vannatta

(b)    $33,790.45 in funds seized from South State Bank, Columbia, SC
Bank Account Number: xxxxx6027
In the name of: Channel Remarketing LLC

3.    Cash/United States Currency:

5

$5,000.00 in United States Currency
Seized from: Elise Jordan
Seizure date: November 1, 2018

4. Cashier's Checks:

    (a) Cashier's check in the amount of $50,000.00
        Check No.: 6833701530
        Seized from: Wells Fargo Bank

    (b) Cashier's check in the amount of $50,000.00
        Check No.: 6836401669
        Seized from: Wells Fargo Bank

5. Aircraft:

Cessna
Model: 421B
Serial Number: 421B0260

The Defendant affirmatively agrees that he now and never had any ownership or interest in the funds contained in the bank account belonging to 167 Seabrook LLC, the cashier's checks and/or the subject airplane. With regard to each and every asset listed in the Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees to the following:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including

6

that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment. The Defendant agrees and consents to its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

The Defendant agrees to surrender all claim, right, possessory interest and/or other legal interest, if any, in each item or property subject to forfeiture.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation.

The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

6.  The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court,

9

the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

10

11-1-19
_____
Date

**TODD VANNATTA**, DEFENDANT

11-1-19
_____
DATE

MICHAEL O'CONNELL
ATTORNEY FOR THE DEFENDANT


SHERRI A. LYDON

10/24/2019
_____
Date

s/Nathan Williams
_____
NATHAN WILLIAMS
ASSISTANT UNITED STATES ATTORNEY


10/24/2019
_____
Date

s/Rhett Dehart
_____
RHETT DEHART
ASSISTANT UNITED STATES ATTORNEY

11

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

**This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.**

| ACCOUNT INFORMATION | |
| --- | --- |
| **CRIM. ACTION NO.:** | 2:18-779 |
| **DEFENDANT'S NAME:** | TODD VANNATTA |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
***CLERK, U.S. DISTRICT COURT***

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (**Do Not send cash**)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*