IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:18-CR-00779-DCN |
| | ) |
| v. | ) |
| | ) |
| TODD VANNATTA | ) |

**PRELIMINARY ORDER OF FORFEITURE AS TO**
**TODD VANNATTA**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Todd Vannatta ("Vannatta", "Defendant"), based upon the following:

1. On December 11, 2018, a multi-count Superseding Indictment ("Indictment") was filed charging Vannatta with wire fraud, in violation of 18 U.S.C. § 1343 and false statement, in violation of 18 U.S.C. § 1001.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Vannatta's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

1. Forfeiture Judgment[1]:

    A sum of money equal to all proceeds the Defendant obtained directly or indirectly as a result of the offenses charged in this Superseding Indictment, that is, a minimum of approximately $1,915,000.00 in United States currency, and all interest and proceeds traceable thereto, and/or a sum of money equal to all property derived from the offense, and all interest and proceeds traceable thereto as the result of his violation of 18 U.S.C. §1343.

---

[1] The government is pursuing a $1,008,706.83 forfeiture judgment against the Defendant.

2. <u>Real Property[2]</u>:

167 High Hammock Villa
Unit #167
Seabrook Island, SC 29455

APARTMENT 15-B in High Hammock Villas Horizontal Property Regime, Seabrook Island, Charleston County, South Carolina, as established by and subject to the provisions and restrictions contained in the Master Deed recorded in the RMC Office for Charleston County in Book M-105 at Page 240.
TMS# 147-09-00-039

And subject however to the additional:

a) Covenants, conditions, reservations and restrictions filed for record on October 21, 1974 in Book M-105, page 194 in the RMC Office or Charleston County.

b) Reservations, conditions, power of attorney, easements, options, covenants, agreements, limitations on title and all other provisions contained in or incorporated by reference to the Master Deed establishing High Hammock Villas Horizontal Property Regime dated October 16, 1974, recorded October 21, 1974 in Book M-105, page 240 and corrective instruments recorded in Book R-105, at Page 170; related By-Laws recorded on October 19, 1974 in Book J100, at Page 107; and any other allied instrument referred to in the aforesaid instruments.

The address of the said property has been designated by the Township of Seabrook Island to be No. 167 High Hammock.

This being the same property conveyed to Frank V. Hitt, Jr., Alan B. Hitt and Farrow B. Hitt by Deed of Distribution of the Estate of Frank V. Hitt,Sr., dated January 25, 2010 and recorded January 26, 2010 in the Charleston County Register of Deeds Office in Book 104 at Page 101. The said Frank V. Hitt., Jr. and Alan B. Hitt having conveyed their

---

[2] The government is not pursuing forfeiture of the real property. The real property has been sold and the government will pursue forfeiture of the proceeds which are identified as (a) and (b) listed under 5. Cashier's Checks.

interest to Farrow B. Hitt and Bridget C. Hitt by Deed dated February 23, 2010 and recorded March 1, 2010 in the Charleston County Register of Deed Office in Book 0109 at Page 556.

3. <u>Bank Accounts:</u>

   (a) $21,961.93 in funds seized from Wells Fargo Bank, Charleston, SC Bank Account Number: xxxxx3616
   In the name of: 167 Seabrook LLC / Todd Vannatta

   (b) $33,790.45 in funds seized from South State Bank, Columbia, SC Bank Account Number: xxxxx6027
   In the name of: Channel Remarketing LLC

4. <u>Cash/United States Currency:</u>

   $5,000.00 in United States Currency
   Seized from: Elise Jordan
   Seizure date: November 1, 2018

5. <u>Cashier's Checks:</u>

   (a) Cashier's check in the amount of $50,000.00
   Check No.: 6833701530
   Seized from: Wells Fargo Bank

   (b) Cashier's check in the amount of $50,000.00
   Check No.: 6836401669
   Seized from: Wells Fargo Bank

6. <u>Aircraft:</u>

   Cessna
   Model: 421B
   Serial Number: 421B0260
   Registered Owner: Platinum Jett, LLC

3. On November 1, 2019, Vannatta pled guilty to one count of wire fraud and agreed to forfeiture, pursuant to his written plea agreement.

4. Based upon Defendant's conviction, the court has determined that the

property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.     The court has determined that the government has established the requisite nexus between the property and the offense for which Vannatta has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.     The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Todd Vannatta, in and to such property:

   1.   <u>Bank Accounts:</u>

        (a)   $21,961.93 in funds seized from Wells Fargo Bank, Charleston, SC Bank Account Number: xxxxx3616
              In the name of: 167 Seabrook LLC / Todd Vannatta

        (b)   $33,790.45 in funds seized from South State Bank, Columbia, SC Bank Account Number: xxxxx6027
              In the name of: Channel Remarketing LLC

   2.   <u>Cash/United States Currency:</u>

        $5,000.00 in United States Currency
        Seized from: Elise Jordan
        Seizure date: November 1, 2018

   3.   <u>Cashier's Checks:</u>

        (a)   Cashier's check in the amount of $50,000.00
              Check No.: 6833701530
              Seized from: Wells Fargo Bank

        (b)   Cashier's check in the amount of $50,000.00
              Check No.: 6836401669
              Seized from: Wells Fargo Bank

    4.    <u>Aircraft</u>:

        Cessna
        Model: 421B
        Serial Number: 421B0260
        Registered Owner: Platinum Jett, LLC

2. FORFEITURE IS ORDERED against Vannatta and in favor of the United States for $1,008,706.83, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to

dispose of the forfeiture in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7. Upon entry of this Order, the United States is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8. Any person, other than the named Defendant, asserting a legal interest in the forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of their alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9. Any petition filed by a third party asserting an interest in the forfeiture shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the

expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

13. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

December 17, 2019
Charleston, South Carolina