IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 2:18-cr-0779-DCN |
| | ) | |
| TODD VANNATTA, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Todd Vannatta's ("Vannatta") renewed motion for compassionate release, ECF No. 237. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On November 1, 2019, Vannatta pled guilty to one count of wire fraud in violation of 28 U.S.C. § 2461(c). ECF No. 190. On April 9, 2020, Vannatta filed a motion for a departure and variance. ECF No. 178. On May 26, 2020, the court sentenced Vannatta to a term of imprisonment of fifty-one months and restitution in the amount of $1,008,706.83. ECF No. 194. On June 6, 2020, Vannatta appealed the court's judgment to the Fourth Circuit Court of Appeals, ECF No. 199, and on November 16, 2020, the Fourth Circuit, by consent of the parties, remanded the matter to this court for a full resentencing with instructions that the court consider Vannatta's motion for downward departure, which was based on his post-offense rehabilitation and COVID-19. ECF No. 217.

Prior to his resentencing, Vannatta filed a motion for compassionate release, asserting the same grounds for release as his motion for downward departure. ECF No. 221. The court held a full resentencing on February 2, 2021. ECF No. 224. At the

1

resentencing, the court determined that Vannatta had failed to present appropriate grounds for downward departure.  For Vannatta's benefit, the court resolved to consider Vannatta's motion for compassionate release at a later date and encouraged Vannatta and his counsel to submit any new evidence that might corroborate Vannatta's claims.  Although Vannatta subsequently sent a letter to the court stating that he had "elected to terminate [his] representation as well as [his] request for relief," ECF No. 231, the court nevertheless considered Vannatta's pending motions for compassionate release in full.  On April 23, 2021, the court denied Vanntta's motions for compassionate release.  ECF No. 232.  Vannatta subsequently filed a motion to reconsider, ECF No. 233, but the court found that the motion was moot because on or around October 13, 2021, Vannatta was transferred to home confinement, which remains his current status,[1] ECF No. 236.  Vannatta's projected release date is on or around May 29, 2022.

On October 19, 2021, Vannatta, proceeding pro se, filed a renewed motion for compassionate release.  ECF No. 237.  The United States of America (the "government") responded in opposition on December 2, 2021, ECF No. 240, and Vannatta replied on December 21, 2021, ECF No. 244.  As such, the motion is ripe for review.

## II.  STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Section 3582(c)(1)(A) provides an exception to this general rule where "extraordinary and compelling reasons warrant such a reduction."

---

[1] The court does not have sufficient information before it to determine the BOP's reason for releasing Vannatta to home confinement.  However, based on his motion, it appears that he was released pursuant to the BOP's authority under 18 U.S.C. § 3624 and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to place a prisoner in home confinement in light of the COVID-19 pandemic.

Courts refer to requests under this section as motions for "compassionate release." United States v. Norris, 458 F. Supp. 3d. 383, 385 (E.D.N.C. 2020). Prior to the First Step Act, the law permitted only the Bureau of Prisons (the "BOP") to file motions for compassionate release. United States v. Dowdell, 669 F. App'x 662 (4th Cir. 2016). Section 603 of the First Step Act amended § 3582(c)(1)(A)(i), authorizing defendants themselves to file requests for compassionate release with the sentencing court after exhausting all available administrative remedies.[2] United States v. Griggs, 462 F. Supp. 3d 610, 615 (D.S.C. 2020).

The determination of whether "extraordinary and compelling circumstances" warrant relief is within the discretion of the district court. United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Fourth Circuit clarified that district courts are empowered to "consider any extraordinary and compelling reason for release that defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (quoting United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020)). If the court finds that such circumstances warrant a reduction in a defendant's sentence, it must consider the factors set forth in § 3553(a) to determine whether such a reduction is justified. 18 U.S.C. § 3582(c)(1)(A). A defendant seeking compassionate release "has the burden of establishing that such relief is warranted." Griggs, 462 F. Supp. 3d at 615. Even after the changes to § 3582(c)(1)(A)(i) promulgated under the First Step Act, the burden remains "exceptionally high." McCoy, 981 F.3d at 288.

---

[2] The government does not dispute that Vannatta has exhausted his administrative remedies. ECF No. 240 at 2 ("Vannatta has exhausted his administrative remedies . . . .").

3

In the motions at issue, petitioner is proceeding pro se.[3] Pro se petitions should be construed liberally by the court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978). A federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious claim. Boag v. MacDougall, 454 U.S. 364, 365 (1982).

### III.   DISCUSSION

As referenced earlier, Vannatta is currently serving his term under home confinement. Vannatta acknowledges that this fact "may appear to moot this motion." ECF No. 237 at 21. Nevertheless, Vannatta presents two arguments for why compassionate release is still warranted. First, Vannatta argues that while he may be relatively protected from COVID-19 within his home, "there is no guarantee as to when . . . [individuals] on home confinement will be ordered to return to prison." Id. at 7.

---

[3] In his reply, Vannatta questions why he was never provided with an attorney from the federal public defender's office. ECF No. 244. The court previously appointed Vannatta with a federal public defender for this motion, ECF No. 238, but as the attorney noted, Vannatta perceived a conflict with the appointment. ECF No. 241. As such, the court granted the federal public defender's motion to withdraw. ECF No. 242. Furthermore, there is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); see also United States v. Reed, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (analyzing interests of justice standard for appointment of counsel in similar post-conviction proceedings). Vannatta has not established that the interests of justice require appointment of counsel in this instance. Vannatta has established through his filings that he is capable of requesting compassionate release without the assistance of counsel. Moreover, as set forth below, Vannatta's current circumstances do not justify compassionate release. Accordingly, even if the court construed Vannatta's motion as requesting that the court appoint him different counsel, the court would deny that request.

Second, Vannatta argues that he has been denied the opportunity to work as a commercial pilot because his prospective employer has advised Vannatta that they will not hire him until he is on supervised release. The court considers each argument in turn, ultimately concluding that neither raises an extraordinary and compelling circumstance warranting relief.

### A. COVID-19

Vannatta argues in his motion that it is uncertain whether the waning nature of the COVID-19 pandemic will cause the BOP to send Vannatta back to prison prior to his scheduled release on or around May 29, 2022. As such, Vannatta states that he filed this motion to ensure the "security" and "reliability" of his home conditions. Id. The possibility of Vannatta's return to prison is set out in a January 2021 Memorandum Opinion for the General Counsel for the BOP, which states:

> [T]he CARES Act authorizes the Director of BOP to place prisoners in home confinement only during the statute's covered emergency period and when the Attorney General finds that the emergency conditions are materially affecting BOP's functioning. Should that period end, or should the Attorney General revoke the finding, the Bureau would be required to recall the prisoners to correctional facilities unless they are otherwise eligible for home confinement under 18 U.S.C. § 3624(c)(2).

Home Confinement of Federal Prisoners After the COVID-19 Emergency, 45 Op. O.L.C. __ at *1–2 (Slip Opinion), https://www.justice.gov/olc/file/1355886/download (Jan. 15, 2021). The "'covered emergency period'" started on "the date on which the President declared a national emergency under the National Emergencies Act with respect to the Coronavirus Disease 2019 (COVID-19)" and ends "on the date that is 30 days after the date on which the national emergency declaration terminates." Id. at *3. At the time of this order, the President has not yet terminated the national emergency declaration, and

the Attorney General has not revoked the authority given to the Director of the BOP to extend a prisoner's home confinement stay.  As such, the court considers it highly unlikely that Vannatta will be ordered to serve the remainder of his term in prison.  Vannatta is scheduled to be released in less than thirty days, and because the national emergency declaration has not yet terminated, Vannatta will undoubtedly be released prior to the BOP's recall of prisoners after the covered emergency period.  Moreover, the recall does not apply to prisoners who are otherwise eligible for home confinement under § 3624(c)(2), and the court has no reason to believe the Vannatta is not so eligible—particularly in light of his imminent release date.

Notably, even if the court had considered Vannatta's motion sooner, it would have denied the motion, as his concern of return to prison was and remains purely speculative.  See, e.g., United States v. Carr, 2021 WL 5565804, at *3 (D. Colo. Nov. 29, 2021) ("[W]ithout a showing that there is a risk BOP would actually use its authority to transfer Carr back from home confinement to federal prison while the pandemic continues, the Court finds that ordering a reduction of Carr's sentence based upon a potential future return to federal prison would be premature."); United States v. Gunn, 2021 WL 719889, at *3 (C.D. Ill. Feb. 24, 2021) (finding a request for compassionate release is premature where the possibility that a defendant will be transferred from home confinement back to federal prison is purely speculative); United States v. Gonzalez, 2020 WL 6381982, at *4 (S.D. Cal. Oct. 30, 2020) (same).  Regardless of when the court considered Vannatta's motion, Vannatta's argument was always predicated on a concern—that he would face great health risks if he returned to prison—that had not been realized.  Courts have previously determined that a motion for compassionate release is

moot when a defendant is released to home confinement.  See, e.g., United States v. Minhas, 846 F. App'x 414, 415 (7th Cir. 2021) (affirming district court order finding that after the defendant was released to home confinement, "he no longer had an extraordinary and compelling reason for release"); United States v. Patterson, 2021 WL 291285, at *2 (E.D. Va. Jan. 28, 2021) (noting that the defendant's transfer to home confinement "mooted his concern about his particular vulnerability to contracting COVID-19" in prison).  Indeed, this was the court's basis for denying Vannatta's prior motion for reconsideration.

Alternatively, even if Vannatta were ordered to return to prison prior to his release, the risk he would face in light of the COVID-19 pandemic would not meet the extraordinary and compelling reasons standard.  Vannatta's motion raises a bevy of health concerns, which he claims would be exacerbated by the heightened risk of contracting COVID-19 in a prison facility.  However, as Vannatta acknowledges in his motion, if Vannatta were to be ordered to return to prison, it would be a result of the waning nature of the pandemic, along with the significant progress made in vaccinating inmates in federal prison.  Moreover, the court previously considered the same health conditions raised by Vannatta in its prior order on his motion for compassionate release and found that Vannatta had failed to demonstrate that his concerns constituted extraordinary and compelling reasons, particularly in light of the BOP's vaccination efforts.  ECF No. 232 at 6–7.  Vannatta's renewed motion does not appear to raise new evidence about his conditions; in fact, the only significant change in circumstance that the court can identify is that Vannatta has since taken the Johnson & Johnson vaccine.  See ECF No. 237 at 2.  This new fact undermines, rather than supports, Vannatta's claims

7

that he faces an extraordinary and compelling risk of contracting or becoming seriously ill from COVID-19 in the hypothetical scenario of his return to prison.

Finally, in a supplemental letter to the court, Vannatta raises a new argument regarding his health. Vannatta argues that he has been denied access to the health insurance marketplaces due to his status as an incarcerated individual. Courts have previously denied motions for compassionate release based on an inability to obtain health insurance. See, e.g., United States v. Canada, 2021 WL 2117890, at *1 (S.D. Ga. May 25, 2021) (finding that a defendant who sought release in order to gain health insurance coverage for him and his wife had failed to show extraordinary and compelling circumstances). Similarly, the court does not find that Vannatta's purported[4] inability to seek coverage through the marketplace between now and his release warrants the relief sought. Therefore, the court denies Vannatta's motion based on his medical concerns.

### B. Opportunity for Employment

Next, Vannatta argues that his failure to obtain employment presents extraordinary and compelling circumstances justifying his immediate release. Vannatta is a licensed and credentialed aviation pilot. According to Vannatta, he has a "verified opportunity" to begin working as a pilot flying single-seat commercial aircraft. ECF No. 237 at 22. The job would provide him with his desired salary and the ability to obtain

---

[4] The Centers for Medicare and Medicaid Services ("CMS") states that consumers are not considered incarcerated if they are serving an "alternative form of confinement," which includes "consumers who are . . . under home confinement." "Incarcerated and Recently Released Consumers," CMS, https://marketplace.cms.gov/technical-assistance-resources/incarcerated-and-recently-released-consumers.pdf at 2 (last updated March 2022). In any event, the court need not resolve this issue because as discussed above, Vannatta's inability to obtain marketplace coverage is not an extraordinary and compelling circumstance.

health insurance through the employer. Vannatta states, however, that the prospective employer has declined to allow Vannatta to start until he reaches his period of supervised release. As such, Vannatta seeks an immediate release so that he can begin working.

The court commends Vannatta on his plans to work as a commercial pilot, which, as Vannatta notes, is a vocation that his probation officer has encouraged. However, the employer's reluctance to hire Vannatta based on his status—if true[5]—does not warrant compassionate release. Based on Vannatta's representation, the availability of the job does not appear to be in jeopardy, so Vannatta should be able to accept employment when released. Moreover, Vannatta has not presented any change in circumstances that would explain why his need to be privately employed is any more urgent now than it was at the time of his sentencing. See United States v. Nevers, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (denying the defendant's motion predicated on his need to assume a role as a caregiver because the defendant failed to indicate any "new change in circumstances" from those identified in the presentence report).

At the heart of the matter, the court's sentence reflected the seriousness of his offense, and the BOP's subsequent decision to release Vannatta to home confinement under the CARES Act further reflected the risk that the COVID-19 pandemic imposes upon the incarcerated. As such, the circumstances described by Vannatta in the instant motion do not present new considerations, and therefore, Vannatta's renewed motion for compassionate release is denied.

---

[5] This claim is unsupported by any evidence in Vannatta's motion, but for Vannatta's benefit, the court presumes that it is true.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

                                                                    DAVID C. NORTON
                                                                    UNITED STATES DISTRICT JUDGE

**May 18, 2022
Charleston, South Carolina**